## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

**DONNA SMITH,**

      Plaintiff,

v.

**PETTIS COUNTY**
SERVE:

**and**

**BRAD ANDERS**
SERVE:

**and**

**SAM HARGRAVE**
SERVE:

**and**

**ADVANCED CORRECTIONAL HEALTHCARE**
SERVE:

**and**

**DR. ALAN WEAVER**
SERVE:

**and**

**JOSEPH KUTTENKULER**
SERVE:

**and**

**ROBERT KELSEY**
SERVE:

**and**

**DELTA LUNSFORD**

Cause No.:

**DELIBERATE INDIFFERENCE
WRONGFUL DEATH
AND MEDICAL NEGLIGENCE**

**JURY TRIAL DEMANDED**

1

SERVE:

**and**

**OFFICERS JOHN DOE 1 - 8**

<u>**COMPLAINT**</u>

**COMES NOW** Plaintiff, by and through her attorney, Thomas Porto of the Popham Law

Firm, and for her cause of action against Defendants, states and alleges as follows:

<u>**PARTIES, JURISDICTION AND VENUE**</u>

1.      Plaintiff Donna Smith currently resides in the State of Missouri.

2.      Decedent, James Smith, at all relevant times, was housed in the Pettis County Jail

located at 333 S. Lamine Ave., Sedalia, Missouri.

3.      Defendant Pettis County is a municipal corporation organized under the laws of the

state of Missouri. During all relevant times to this action, acting through its Sheriff's Office, Pettis

County maintained and operated the Pettis County Jail.

4.      Defendant Brad Anders is a citizen of Missouri, and at all relevant times to this

action was the Sheriff of Pettis County. Defendant Sheriff Anders has a duty to operate the Pettis

County Jail and is responsible for the operation of the jail and its inmates, including decedent.

Sheriff Anders can be served at 319 S. Lamine Ave, Sedalia, MO 65301.

5.      Defendant Sam Hargrave is a citizen of Missouri, and at all relevant times to this

action as the Jail Administrator of the Pettis County Jail overseeing all aspects of the facility,

specifically including inmate safety. Defendant Hargrave can be served at 319 S. Lamine Ave,

Sedalia, MO 65301.

6.      Defendant Advanced Correctional Healthcare, Inc., (hereinafter 'ACH') is a

corporation contracting with the Pettis County Jail to provide medical care and services within the

2

Pettis County Jail to inmates within the jail  ACH has its corporate offices in the State of Illinois at 3922 W. Baring Trace, Peoria, IL 61615.  ACH can be served personally on its registered agent, C T Corporation System, 120 South Central Avenue, Clayton, MO 63105.

7.     Defendant Dr. Alan Weaver is a Missouri citizen, and at all times relevant to this action, was employed as an ACH physician of the Pettis County Jail. Defendant Dr. Weaver can be served at 208 N. Ogden St, Sturgeon MO 65284.

8.     Officers Joseph Kuttenkuler, Robert Kelsey and Delta Lunsford were employees of Pettis County and responsible for supervising the decedent. Defendants Kuttenkuler, Kelsey and Lunsford can be served at 319 S. Lamine Ave, Sedalia, MO 65301.

9.     Pettis County is the employer of additional officers who serve the function of jailers at the Pettis County Jail, and whose specific identities are unknown to Plaintiff at this time. Plaintiff has identified at least eight "JOHN DOE" jailers who were responsible to supervise the decedent and to be aware of conditions that might create a threat to his life and health. Said Jailers are herein identified as John Doe Officers 1- 8 and each were acting under color of law in their capacity within the course and scope of employment with Defendant Pettis County.

10.    All defendants named herein were acting under the color of law in their capacity as employees, agents or contractors working within the Pettis County Jail.

11.     All complained of actions and omissions occurred at the Pettis County Jail, located in Pettis County, Missouri.

12.    This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. 1983 and 1988. Jurisdiction against Defendants is conferred upon this Court by 28 U.S.C. § 1331 and by the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

13. This Court further has jurisdiction over Defendant Advanced Correctional Healthcare, Inc., under the doctrine of diversity Jurisdiction.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Pettis County, Missouri, within this Court's geographic judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

15. Decedent was arrested on November 26, 2020 in Pettis County, Missouri.

16. At all times material to this Petition, Decedent was an inmate of Pettis County Jail and was in the custody of the Pettis County Sheriff.

17. Decedent was arrested and incarcerated in good health.

18. On December 5, 2020 at 2:16 p.m., Decedent reports having chest pain and numbness in his arms to Officer Joseph Kuttenkuler. A medical protocol form was completed indicating Mr. Smith has a history of high blood pressure, has been in pain for one day, believes the blood flow issues are causing his pain, is having pain in his chest, neck, shoulder and arm, has shortness of breath, blood pressure reading of 78/54, respiratory rate of 26, and Mr. Smith's general appearance includes shortness of breath and abnormal sweating.

19. On December 5, 2020, the information reported to Officer Joseph Kuttenkuler is then reported to Dr. Alan Weaver (hereinafter "Dr. Weaver"). Dr. Weaver's orders were to give Decedent 1,000 mg. of Tylenol for three days, check his blood pressure gain that night and to put Decedent in medical observation.

20. On December 5, 2020, Decedent was placed back into general population following Dr. Weaver's orders that Decedent should be placed in medical observation.

4

21.     On December 5, 2020 at 3:11 p.m., Decedent reports having chest pain and numbness in his arms to Officer Delta Lunsford. A medical protocol form was completed indicating Decedent has a history of high blood pressure, pain started today, cause of pain is unknown, pain is steady, he has had similar symptoms before, blood pressure reading of 116/75, respiratory rate not noted, and Decedent's general appearance incudes shortness of breath and abnormal sweating. Officer Delta Lunsford indicates on her the medical protocol for that Decedent's symptoms "appear fake."

22.     On December 5, 2020, following the second complaint of Decedent, Decedent was placed in medical observation. As a part of medical observation, officers are required to visibly check the inmate every three hours.

23.     On December 5, 2020, medical was full so Decedent was taken to booking and put into cell 115 for medical observation. This cell has a video camera installed in which the officers can observe inmates.

24.     On December 6, 2020, an inmate observation form was filled out with respect to Decedent. According to the observation form, Decedent was observed every three hours on this date.

25.     On December 7, 2020, an inmate observation form was filled out with respect to Decedent. According to the observation form, Decedent was only observed at 1:00 a.m. and 4:00 a.m.

26.     On December 7, 2020 at 12:48 p.m. Officer Robert Kelsey went into Decedent's cell to serve him lunch. Officer Robert Kelsey discovered Decedent unresponsive. Office Kelsey also noted that Decedent was cold to the touch and stiff.

5

27.     On December 9, 2020, an autopsy was performed on Decedent by Pettis County Coroner Skip Smith. Dr. Smith's report indicates Decedent's cause of death to be pulmonary thrombo-embolus and an aging myocardial infarction, secondary to moderate concentric atherosclerosis topped by an occlusive thrombosis. The toxicology report indicates no agents were detected.

28.     Decedent was 39-years-old at the time of his death.

## COUNT I
### Violation of 42 U.S.C. § 1983—Deliberate Indifference in Policies, Practices, Customs, Training, and Supervision in Violation of the Fourteenth Amendment

(Against All Defendants)

Plaintiff incorporates all previously stated paragraphs and allegations as if fully stated herein.

65.     Decedent was a citizen of the United States of America and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

66.     Defendant Pettis County is a person as recognized by 42 U.S.C. § 1983.

67.     Defendant Pettis County and its employees, agents, and representatives were, -- each of the Defendants herein -- at all times relevant, acting under the color of state statute, ordinances, regulations, customs, or usage in their deprivation of decedent's rights, privileges and immunities guaranteed to him by the Constitution of the United States, including the Amendments thereto, and of the laws of the State of Missouri.

68.     At the time of the incident that is subject of Plaintiff's Complaint, plaintiff had clearly established Constitutional rights, including the right to life under the Fourteenth Amendment to the United States Constitution.

6

69.     Defendants and Pettis County and its employees, agents, and representatives knew, or should have known, of these rights at the time of the complained of conduct.

70.     The acts or omissions of Defendants and Pettis County and its employees, agents, and representatives, as described herein, deprived Plaintiff of his constitutional and statutory rights, ultimately resulting in the death of James Smith.

71.     Defendants and Pettis County and its employees, agents, and representatives intentionally, knowingly and purposely deprived decedent of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

72.     Defendants and Pettis County and its employees, agents, and representatives are policymakers for the Pettis County Jail, and in that capacity, established policies, procedures, customs, and/or practices for the facility.

73.     Defendants and Pettis County and its employees, agents, and representatives maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, and decedent, which were the moving forces behind and proximately caused the violations of Plaintiff's constitutional rights as set forth herein.

74.     Defendants and Pettis County and its employees, agents, and representatives have developed and maintained long-standing, department-wide customs, policies, procedures, practices, and/or failed to properly train and/or supervise its employees, agents and representatives in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and the public. The inadequacy of training and/or supervision is so likely to result in violation of

7

constitutional and federal rights, such as those described herein, that the acts and omissions are indifferent to those rights.

75. The deliberately indifferent training and supervision provided by Defendants and Pettis County and its employees, agents, and representatives resulted from a conscious and deliberate choice to follow a course of action resulting in Plaintiff's constitutional and statutory rights being violated ultimately resulting in injury.

76. As a direct and proximate result of Defendants and Pettis County's interference with decedent's federal constitutional and statutory rights and failure to provide adequate care, supervision, medical assistance, Plaintiff has suffered significant harms, damages and losses.

77. Defendants and Pettis County, by and through its agents and employees, actually knew of decedent''s objectively serious medical needs, but were deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that Defendants and Pettis County deprived decedent of his rights, privileges and immunities guaranteed to him by:

a. Knowingly and deliberately failed to properly monitor Plaintiff;

b. Knowingly and deliberately failed to properly treat Plaintiff's medical condition;

c. knowingly and deliberately failed to allow Plaintiff access to appropriate medical services and care for his medical needs;

d. knowingly or deliberately failed to respond to Plaintiff in a timely manner; and,

e. Such other acts of deliberate indifference solidified through the discovery process; and

f. depriving Plaintiff of his right to receive medical care while being held in the custody and control of the Sheriff of Pettis County, Missouri, at the Pettis County Jail and confined therein.

78. Defendants and Pettis County has shown deliberate indifference to or tacit authorization of the above conduct after notice to the officials of such misconduct.

79. Plaintiff's harms and damages were caused and/or directly contributed to be caused by Defendants and Pettis County's unconstitutional practice and customs which delayed the required medical care.

80. As a result of the unconstitutional policies and customs of Defendants the treatment of decedent was delayed, causing his death.

81. The denial or delay of health care treatment for Plaintiff was attributable to something more than simple negligence upon the part of Defendants.

82. Defendants' conduct as alleged herein constitutes a pattern and practice that is based on policies and protocols knowingly designed to give the minimum possible medical attention to inmates in their custody and control at the minimum possible cost, regardless of how ill the inmate is or the catastrophic consequences said policies and protocols may cause. Here, Defendants chose to provide Plaintiff no medical care.

83. Defendants and Pettis County's conduct showed a complete indifference to or a conscious disregard for the safety of decedent and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendants, and others, from like conduct in the future.

84. Plaintiff is entitled to attorney' fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE** Plaintiff prays for judgment against all Defendants herein jointly and

9

severally with other defendants, in the amount of fifty million dollars ($50,000,000.00) for compensatory damages for the harms and losses she has suffered, for her costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

## COUNT II
### 42 U.S.C. § 1983 – Deliberate Indifference to Medical Needs in Violation of the Fourth and Fourteenth Amendments

(Against All Defendants)

Plaintiff incorporates all previously stated paragraphs and allegations as if fully stated herein.

85.     Decedent was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

86.     Defendant(s) is a person as recognized 42 U.S.C. § 1983.

87.     Defendants were, at all times relevant, acting under the color of state statute, ordinances, regulations, customs, or usage in their deprivation of decedent's rights, privileges and immunities guaranteed to him by the Constitution of the United States, including the Amendments thereto, and of the laws of the State of Kansas.

88.     At the time of the incident that is the subject of Plaintiff's Complaint, decedent had clearly established Constitutional rights, including the right to life under the Fourteenth Amendment to the United States Constitution.

89.     Defendants knew, or should have known, of these rights at the time of the complained of conduct.

10

90. The acts or omissions of Defendants, and its employees, as described herein, deprived decedent of his constitutional and statutory rights, resulting in his death and causing Plaintiff damages.

91. Defendants intentionally, knowingly and purposely or deliberately deprived Plaintiff of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

92. Defendants' actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The indifference displayed by Defendants shocks the conscience and so violated Decedent's Fourteenth Amendment rights.

93. As a direct and proximate result of Defendants' interference with decedent's federal constitutional and statutory rights, Plaintiff has suffered damages and losses.

94. Defendants actually knew of decedent's objectively serious medical needs or should have known, but were deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that Defendants:

    a. knowingly and deliberately failed to properly monitor decedent;

    b. knowingly and deliberately failed to properly treat decedent's medical condition;

    c. knowingly and deliberately failed to allow decedent access to appropriate medical services and care for his medical needs;

    d. knowingly and deliberately failed to respond to decedent in a timely manner; and,

e.   Such other acts of deliberate indifference that the evidence will show.

95.   The denial or delay of health care treatment for decedent was attributable to something more than simple negligence upon the part of Defendants.

96.   Defendants' conduct as alleged herein constitutes a pattern and practice that is based on policies and protocols knowingly designed to give the minimum possible medical attention to inmates in their custody and control at the minimum possible cost, regardless of how ill the inmate is or the catastrophic consequences said policies and protocols may cause.  Here, Defendants chose to provide decedent no medical care.

97.   Defendants' conduct showed a complete indifference to or a conscious disregard for the safety of decedent and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

98.   Plaintiff is entitled to attorney' fees and costs pursuant to 42 U.S.C. 1988.

**WHEREFORE** Plaintiff prays for judgment against Defendant all Defendants herein, jointly and severally with other defendants, in the amount of fifty million dollars ($50,000,000.00) for compensatory damages for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

**COUNT III**
**42 U.S.C. § 1983 – Deliberate Indifference to Medical Needs in Violation of the**
**Eighth and Fourteenth Amendments**

(Against All Defendants)

Plaintiff incorporates all previously stated paragraphs and allegations as if fully stated herein.

12

99.    Decedent was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

100.    Defendant(s) is a person as recognized 42 U.S.C. § 1983.

101.    Defendants were, at all times relevant, acting under the color of state statute, ordinances, regulations, customs, or usage in their deprivation of decedent's rights, privileges and immunities guaranteed to him by the Constitution of the United States, including the Amendments thereto, and of the laws of the State of Missouri.

102.    At the time of the incident that is the subject of Plaintiff's Complaint, decedent had clearly established Constitutional rights, including the right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

103.    Defendants knew, or should have known, of these rights at the time of the complained of conduct.

104.    The acts or omissions of Defendants, and its employees, as described herein, deprived decedent of his constitutional and statutory rights, resulting in his death and causing Plaintiff damages.

105.    Plaintiff's medical needs were sufficiently serious that it would be so obvious that a lay person would recognize the need for the medical attention and that a delay in providing the medical attention could likely result in substantial harm – including death.

106.    Denying decedent the medical attention that he needed during these days posed a substantial risk of serious harm to him.

107.    At all such times that the Defendants were denying medical attention or care to decedent, he was an inmate in the Defendants' control.

13

108. Defendants intentionally, knowingly, deliberately, and purposely or negligently deprived decedent of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

109. Defendant's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to decedent's federally protected rights. The indifference displayed by Defendants shocks the conscience and so violated decedent's Fourteenth Amendment rights.

110. As a direct and proximate result of Defendants' interference with decedent's federal constitutional and statutory rights, Plaintiff has suffered substantial harm, including loss of her son – all which would have been avoided had just basic medical attention and care been provided to him.

111. Defendants actually knew of decedent's objectively serious medical needs or should have known, but were deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that Defendants:

      f. knowingly and deliberately failed to properly monitor decedent;

      g. knowingly and deliberately failed to properly treat decedent's medical condition;

      h. knowingly and deliberately failed to allow decedent access to appropriate medical services and care for his medical needs;

      i. knowingly and deliberately failed to respond to decedebt in a timely manner; and,

      j. Such other acts of deliberate indifference that the evidence will show.

14

112. Any negligence alleged herein constitutes gross negligence – the equivalent of reckless and deliberate indifference to the life and safety of decedent.

113. The denial or delay of health care treatment for decedent was attributable to something more than simple negligence upon the part of Defendants.

114. Defendants' conduct showed a complete indifference to or a conscious disregard for the safety of Plaintiff and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

115. Plaintiff is entitled to attorney' fees and costs pursuant to 42 U.S.C. 1988.

**WHEREFORE** Plaintiff prays for judgment against all Defendants herein, jointly and severally with other defendants, in the amount of fifty million dollars ($50,000,000.00) for in compensatory damages for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

**COUNT IV**
**Wrongful Death**
**Medical Malpractice**

**(Against ACH, Dr. Alan Weaver)**

Plaintiff incorporates all previously stated paragraphs and allegations as if fully stated herein.

116. Defendant ACH is a resident of the State of Illinois and Plaintiff asserts that this Court has diversity jurisdiction over it.

117. Pursuant to the Court's exercise of supplemental or ancillary jurisdiction over all other claims so related to claims in the action within its original jurisdiction that said claims form

part of the same case or controversy under Article III of the United States Constitution (28 USC section 1367), Plaintiff herein makes claims for medical malpractice resulting in death against those with a duty to provide him with medical care while in the Pettis County Jail, under the control and custody of Pettis County and its employees, agents or contracts.

118. During decedent's care, treatment and custodial supervision, Defendant ACH owed a duty to decedent individually and/or by and through their employees such as Dr. Alan Weaver, its agents, servants and/or representatives as aforesaid, to use that degree of skill and learning ordinarily used by skillful, careful, and prudent members of the same profession in providing medical services and care and supervision.

119. Based on information and belief, ACH had a system in place to do surveillance of patients who were in the isolation cells, such that it could assess by camera what was happening with the patient. This system included having Jailers take vital signs of sick inmates.

120. Based on information and belief, ACH acted through its own employees, and through employees of Pettis County to assess an inmate's condition without having direct contact with the inmate.

121. ACH, by and through its own employees and those of Pettis County, had a duty to assure that an inmate received medical attention when a potentially life or limb threatening illness occurred within the Pettis County Jail.

122. Defendants breached their duty owed to Plaintiff in one or more of the following respects:

    a. Failed to do a history and physical exam;

    b. Failed to listen to decedent's calls for help;

    c. Failed to appropriately diagnose decedent's condition;

16

d. Failed to create and work through a differential diagnosis;

e. Failed to provide informed consent as to the course taken;

f. Failed to appropriately manage and anticipate complications;

g. Failed to order appropriate tests;

h. Failed to appropriately treat decedent;

i. Failed to timely alert appropriate medical doctors of decedent's condition;

j. Failed to provide the required care to treat decedent's condition;

k. Failed to monitor decedent;

l. Failed to seek appropriate consultation;

m. Failed to transfer decedent to the hospital;

n. Failed to create, enforce and follow policies, procedures and protocols for working up and managing patients under the same or similar circumstances.

o. Such further negligence as will be revealed through discovery and the evidence.

123. As a direct and proximate result of the negligence and carelessness of Defendants as described above, James Smith died.

124. As a result of his injuries, Plaintiff suffered economic and non-economic damage.

125. Defendants' conduct showed a complete indifference to or a conscious disregard for the safety of Plaintiff and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

WHEREFORE Plaintiff prays for judgment against Defendants jointly and severally with other defendants, in the amount of fifty million dollars ($50,000,000.00) in compensatory damages, for aggravating circumstances damages, for pre- and post-judgment interest, for costs and fees herein expended, and for such other relief as the Court deems just under the circumstances.

Respectfully Submitted,

**THE POPHAM LAW FIRM, P.C.**

By: */s/ Thomas J. Porto*
Thomas J. Porto, MO #59716
712 Broadway, Suite 100
Kansas City, Missouri 64105
Phone:  (816) 512-2618
Fax:      (816) 221-3999
tporto@pophamlaw.com
**ATTORNEY FOR PLAINTIFF**